1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
2  **MANNING LAW, APC**
   20062 SW Birch Street, Ste. 200
3  Newport Beach, CA 92660
4  Office: (949) 200-8755
   DisabilityRights@manninglawoffice.com
5
6
   Attorney for Plaintiff: GABRIELA CABRERA
7
8
                  UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10
11

| | |
|---|---|
| GABRIELA CABRERA, an individual, | **Case No**. |
| | **Complaint For Damages And Injunctive Relief For:** |
| Plaintiff, | |
| v. | 1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* **as amended by the ADA Amendments Act of 2008 (P.L. 110-325).** |
| BRIDGESTONE RETAIL OPERATIONS, LLC, a Delaware limited liability company; and DOES 1-10, inclusive, | |
| Defendants. | 2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* |

23
24      Plaintiff, GABRIELA CABRERA ("Plaintiff"), complains of Defendants
25  BRIDGESTONE RETAIL OPERATIONS, LLC, a Delaware limited liability
    company; and Does 1-10 ("Defendants") and alleges as follows:
26
                              **PARTIES**
27
        1.    Plaintiff has polio and is an adult California resident. Plaintiff is
28
    substantially limited in performing one or more major life activities, including but

                                    1

1   not limited to: walking, standing, and ambulating.  As a result of these disabilities,

2   Plaintiff requires a wheelchair to ambulate.  With such disabilities, Plaintiff qualifies

3   as a member of a protected class under the Americans with Disabilities Act

4   ("ADA"), 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008

5   (P.L. 110-325) and the regulations implementing the ADA set forth at 28 C.F.R. §§

6   36.101 et seq.  At the time of Plaintiff's visits to Defendant's facility and prior to

7   instituting this action, Plaintiff suffered from a "qualified disability" under the ADA,

8   including those set forth in this paragraph.

9          2.      Plaintiff is informed and believes and thereon alleges that

10   BRIDGESTONE RETAIL OPERATIONS, LLC, a Delaware limited liability

11   company, owned the property located at 860 Nogales Ave, Walnut, California 91789

12   ("Property") on or around October 9, 2019.

13          3.      Plaintiff is informed and believes and thereon alleges that Defendant

14   BRIDGESTONE RETAIL OPERATIONS, LLC, a Delaware limited liability

15   company, owns the Property currently.

16          4.      Plaintiff is informed and believes and thereon alleges that Defendant

17   BRIDGESTONE RETAIL OPERATIONS, LLC, a Delaware limited liability

18   company, owned, operated, and controlled Firestone ("Business") located at the

19   Property on October 9, 2019.

20          5.      Defendant BRIDGESTONE RETAIL OPERATIONS, LLC, a

21   Delaware limited liability company, owns, operates, and controls the Business

22   located at the Property currently.

23          6.      Plaintiff does not know the true names of Defendants, their business

24   capacities, their ownership connection to the subject property and business, or their

25   relative responsibilities in causing the access violations herein complained of, and

26   alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is

27   informed and believes that each of the Defendants herein, including Does 1 through

28   10, inclusive, is responsible in some capacity for the events herein alleged, or is a

2
COMPLAINT

necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

8.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq*., **("**UCRA")** claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

10.     Plaintiff went to the Business on or about October 9, 2019 for the dual purpose of obtain information regarding services offered and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.

11.     The Business is a facility open to the public, a place of public accommodation, and a business establishment.

12.     Parking spaces are one of the facilities, privileges, and advantages reserved by Defendants to persons at the Property serving the Business.

13.     Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on October 9, 2019.

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14.     At that time, instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Business and Property that are violations of the ADAAG: an absence of an accessible route from the designated parking area to the entrance of the Business (Section 402.2); and, a point-of-sale terminal that is too high according to ADAAG specifications.

15.     Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect her personally.

16.     Plaintiff is informed and believes and thereon alleges Defendants had no policy or plan in place to make sure that there was compliant accessible parking reserved for persons with disabilities prior to October 9, 2019.

17.     Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

18.     Plaintiff personally encountered these barriers.  The presence of these barriers related to Plaintiff's disability denies Plaintiff her right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

19.     The conditions identified *supra* in paragraph 14 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, and ambulating; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, relate to the width of the accessible path to the accessible entrance, and relate to the accessibility of the amenities offered by the business.

20.     As an individual with a mobility disability who requires a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with

4
COMPLAINT

1    mobility impairments.

2        21.    Plaintiff is being deterred from patronizing the Business and its

3    accommodations on particular occasions, but intends to return to the Business for the

4    dual purpose of availing herself of the goods and services offered to the public and

5    to ensure that the Business ceases evading its responsibilities under federal and state

6    law.

7        22.    Upon being informed that the public place of accommodation has

8    become fully and equally accessible, she will return within 45 days as a "tester" for

9    the purpose of confirming their accessibility. *Civil Rights Educ. and Enforcement*

10   *Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

11       23.    As a result of her difficulty experienced because of the inaccessible

12   condition of the facilities of the Business, Plaintiff was denied full and equal access

13   to the Business and Property.

14       24.    The Defendants have failed to maintain in working and useable

15   conditions those features required to provide ready access to persons with

16   disabilities.

17       25.    The violations identified above are easily removed without much

18   difficulty or expense.  They are the types of barriers identified by the Department of

19   Justice as presumably readily achievable to remove and, in fact, these barriers are

20   readily achievable to remove.  Moreover, there are numerous alternative

21   accommodations that could be made to provide a greater level of access if complete

22   removal were not achievable.

23       26.    Given the obvious and blatant violation alleged hereinabove, Plaintiff

24   alleges, on information and belief, that there are other violations and barriers in the

25   site that relate to her disability.  Plaintiff will amend the complaint, to provide proper

26   notice regarding the scope of this lawsuit, once she conducts a site inspection.

27   However, the Defendants are on notice that the Plaintiff seeks to have all barriers

28   related to her disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008)

1  (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to

2  have all barriers that relate to her disability removed regardless of whether she

3  personally encountered them).

4      27.    Without injunctive relief, Plaintiff will continue to be unable to fully

5  access Defendants' facilities in violation of Plaintiff's rights under the ADA.

6  **FIRST CAUSE OF ACTION**

7  **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**

8  **42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008**

9  **(P.L. 110-325)**

10      28.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged

11  above and each and every other paragraph in this Complaint necessary or helpful to

12  state this cause of action as though fully set forth herein.

13      29.    Under the ADA, it is an act of discrimination to fail to ensure that the

14  privileges, advantages, accommodations, facilities, goods, and services of any place

15  of public accommodation are offered on a full and equal basis by anyone who owns,

16  leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).

17  Discrimination is defined, inter alia, as follows:

18          a.    A failure to make reasonable modifications in policies, practices,

19               or procedures, when such modifications are necessary to afford

20               goods, services, facilities, privileges, advantages, or

21               accommodations to individuals with disabilities, unless the

22               accommodation would work a fundamental alteration of those

23               services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

24          b.    A failure to remove architectural barriers where such removal is

25               readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are

26               defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

27               Appendix "D".

28          c.    A failure to make alterations in such a manner that, to the

maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(2).

30.     Any business that provides parking spaces must provide accessible parking spaces.  2010 Standards § 208. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

31.     A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

32.     Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

33.     Given its location and options, Plaintiff will continue to desire to patronize the Business but she has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.*

34.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to

1    state this cause of action as though fully set forth herein.

2        35.    California Civil Code § 51 *et seq*. guarantees equal access for people

3    with disabilities to the accommodations, advantages, facilities, privileges, and

4    services of all business establishments of any kind whatsoever.  Defendants are

5    systematically violating the UCRA, Civil Code § 51 *et seq*.

6        36.    Because Defendants violate Plaintiff's rights under the ADA, they also

7    violated the UCRA and are liable for damages.  (Civ. Code § 51(f), 52(a).)   These

8    violations are ongoing.

9        37.    Plaintiff is informed and believes and thereon alleges that Defendants'

10   actions constitute discrimination against Plaintiff on the basis of a disability, in

11   violation of the UCRA, Civil Code § 51 *et seq*., because Defendants have been

12   previously put on actual or constructive notice that the Business is inaccessible to

13   Plaintiff.  Despite this knowledge, Defendants maintain their premises in an

14   inaccessible form, and Defendants have failed to take actions to correct these

15   barriers.

16                              **PRAYER**

17    **WHEREFORE, Plaintiff prays that this court award damages provide relief as**

18   **follows:**

19        1.    A preliminary and permanent injunction enjoining Defendants from

20   further violations of the ADA, 42 U.S.C. § 12181 *et seq*. as amended by the ADA

21   Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 *et seq*. with

22   respect to its operation of the Business and Property; Note: Plaintiff is not invoking

23   section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief

24   under the Disabled Persons Act (Cal. C.C. §54) at all.

25        2.    An award of actual damages and statutory damages of not less than

26   $4,000 per violation pursuant to § 52(a) of the California Civil Code;

27        3.    An additional award of $4,000.00 as deterrence damages for each

28   violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist.

1  LEXIS 150740 (USDC Cal, E.D. 2016);

2       4.       For reasonable attorneys' fees, litigation expenses, and costs of suit,

3  pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

4

5                          **<u>DEMAND FOR JURY TRIAL</u>**

6       Plaintiff hereby respectfully requests a trial by jury on all appropriate issues

7  raised in this Complaint.

8

9  Dated: December 31, 2019             **MANNING LAW, APC**

10

11                          By: /s/ Joseph R. Manning Jr., Esq.
                                 Joseph R. Manning Jr., Esq.
12                               Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28